UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGETTE BULLOCK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 4:23 CV 1562 JMB |
| SSM HEALTH CARE ST. LOUIS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant SSM Health Care St. Louis' Motion to Dismiss or Strike (Doc. 10). Plaintiff Georgette Bullock has not filed a response. For the reasons set forth below, the Motion to Strike is **GRANTED**.

**I.   Background**

On October 16, 2023, Plaintiff filed a Complaint in state court alleging claims related to her employment as a behavioral health therapist with Defendant SSM Health Care St. Louis (Doc. 1-1). Plaintiff alleges that she was discriminated against on account of her sex and disability, at the time Plaintiff was pregnant and diagnosed as high risk, when material terms of her employment were negatively modified, her disability was not accommodated, and her employment was ultimately terminated in March, 2022. Plaintiff asserts discrimination and retaliation claims pursuant to the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, *et seq.* (Counts I and II), and the Pregnancy Discrimination Act of 1978 (i.e. Title VII), 42 U.S.C. §2000e, *et seq.* (Counts III and IV). This matter was timely removed to this Court on December 6, 2023 (Doc. 1).

While Plaintiff only asserts federal claims, her Complaint refers to the Missouri Human Rights Act and the prosecution of her claims before the Missouri Commission on Human Rights (MCHR).  In particular, Plaintiff states that she filed a Charge of Discrimination with the MCHR (and the Equal Employment Opportunity Commission (EEOC)) on September 9, 2022.  She further states that the MCHR "improperly dismissed [her] Charge because Defendant misrepresented to the MCHR that is was owned or operated by a religious or sectarian group" (Doc. 1-1, ¶ 13).  Attached to the Complaint is a November 23, 2022 letter from the MCHR to Plaintiff entitled "Notice of Termination of Proceedings" (Doc. 1-1, p. 23).  In the Notice, the MCHR indicates that it lacks jurisdiction over Plaintiff's complaint because Defendant is a religious or sectarian group and therefore exempt from Missouri's Human Rights Act (Id.). Scattered throughout the Complaint are references to the MCHR's decision, state statute, and Defendant's purported religious affiliation and arguments before the MCHR (Doc 1-1, ¶¶ 11-14, 48-58, 82, 86, 90, 100-101, 104, 118, 131-132, and 138); however, there is no allegation related to the MCHR or Missouri's Human Rights Act.  As to Plaintiff's federal claims, the EEOC issued a Notice of Right to Sue on September 14, 2023 (Doc. 1-1, p. 21).

In its Motion, Defendant argues that the paragraphs related to the MCHR's proceedings and decisions should be dismissed or stricken as immaterial, impertinent, and/or scandalous references.  Defendant further argues that claims that it retaliated against Plaintiff by misrepresenting its religious affiliation before the MCHR should be stricken as being beyond the claims made in the Charge of Discrimination or dismissed for failure to exhaust administrative remedies (Doc. 1-1, ¶¶ 100-101 and 131-132).  As noted above, Plaintiff has not responded to the motion.

## II.   Discussion

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  This Court has broad discretion under Rule 12(f); however, "striking a party's pleading is an extreme measure" and motions pursuant to the Rule are "viewed with disfavor and are infrequently granted."  Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (quotation marks and citations omitted); BJC Health System v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007).  Plaintiff's statements in the Complaint regarding the MCHR proceedings are immaterial to the federal claims made in Counts I-IV.  There is no showing that the MCHR proceedings, or Defendant's arguments before the Commission, are related to whether Plaintiff was discriminated against on account of her disability and/or pregnancy or whether Defendant engaged in retaliatory conduct up to and including the termination of her employment.  There appears to be no rational relationship between Plaintiff's federal claims and actions of the state agency.  In sum, Plaintiff does not make any claim related to the MCHR proceedings nor does she tie those proceedings to the any of her claims under the ADA or Title VII.  Accordingly, paragraphs 11-14, 48-58, 82, 86, 90, 100-101, 104, 118, 131-132, and 138 of the Complaint are hereby **STRICKEN** with the caveat that ¶ 90 is stricken only to the extent that it refers to the MHRA**.**

In light of this conclusion, it is unnecessary to determine whether Plaintiff has exhausted her administrative remedies as to paragraphs 100-101 and 131-132 in which she alleges that Defendant retaliated against her by asserting a religious exemption defense before the MCHR.  However, as indicated above, Plaintiff has made no claims related to the MCHR or the manner in which it dismissed her claims.  Moreover, it is wholly unclear how Plaintiff could have been retaliated against when her Charge of Discrimination (or other protected activity) was filed *after*

her employment already had been terminated.  A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2009)).  Plaintiff alleges that her employment was terminated in March 2022 and her Charge of Discrimination was filed on September 9, 2022[1].  There is no assertion in her Complaint that Plaintiff suffered any "adverse employment action" after she filed her Charge of Discrimination.  See Wagner v. Campbell, 779 F.3d 761, 766-767 (8th Cir. 2015) ("An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. This might include termination, cuts in pay or benefits, and changes that affect an employee's future career prospects" (quotation marks and citation omitted)).  As such, even if these paragraphs were not stricken, Plaintiff has failed to state a retaliation claim based on Defendant's actions before the MCHR.

**III.    Conclusion**

For the foregoing reasons, Defendant's Motion to Strike or Dismiss (Doc. 10) is **GRANTED.**   Paragraphs 11-14, 48-58, 82, 86, 90, 100-101, 104, 118, 131-132, and 138 of the Complaint (Doc. 1-1) are hereby **STRICKEN** as set forth above.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of January, 2024

---

[1] According to an attachment to Defendant's Memorandum (Doc. 11-1), Plaintiff filed her Charge on July 12, 2022.